IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRUIST BANK, formerly known as BRANCH BANKING AND TRUST COMPANY,**<br><br>　　　**Plaintiff,**<br><br>v.<br><br>**PEACHTREE INVESTMENT SOLUTIONS, LLC, a Georgia limited liability company; JOHN STEPHEN BUSH; and DWAYNE P. DAVIS,**<br><br>　　　**Defendants.** | **CIVIL ACTION**<br><br>**NO: _____** |

## COMPLAINT

Truist Bank, formerly known as Branch Banking and Trust Company (the "**Bank**"), by and through its undersigned counsel, states as follows for its Complaint against the Defendants:

### PARTIES JURISDICTION AND VENUE

1. Truist Bank is a North Carolina banking corporation authorized to do business in the State of Georgia with its principal place of business in Charlotte, North Carolina.

2. Peachtree Investment Solutions, LLC ("**Peachtree**") is a limited liability company with its principal place of business in Atlanta, Georgia.

3. John Stephen Bush and Dwayne P. Davis are the members of Peachtree and both live in Atlanta, Georgia.

4. John Stephen Bush ("**Bush**") is an individual resident of Atlanta, Georgia.

5. Dwayne P. Davis ("**Davis**") (collectively with Bush, the "**Guarantors**") (the Guarantors, collectively with Peachtree, are referred to as the "**Defendants**") is an individual resident of Atlanta, Georgia.

6. The amount in controversy, exclusive of interest and costs, between the Bank and the Defendants exceeds $75,000.00.

7. Therefore, this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

8. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

9. On or about August 26, 2014, the Borrower executed a Promissory Note payable to the Bank in the original principal amount of $500,000.00 (the "**Note**").

10. A true and accurate copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by reference.

11. After a series of modifications to the Note, the Borrower and the Bank executed a final Change in Terms Agreement on October 15, 2020 (the "**Final Modification**").

12. A true and accurate copy of the Final Modification is attached hereto as **Exhibit B** and is incorporated herein by reference.

13. By the Final Modification, the terms of the Note were amended such that the principal balance under the Note bears interest at a rate equal to the Bank's Prime Rate plus 0.75% per annum, with a floor rate of 4% per annum.

14. The Final Modification also set a maturity date of January 15, 2021.

15. On or about August 26, 2014, Bush executed a Commercial Guaranty (the "**Bush Guaranty**").

16. A true and accurate copy of the Bush Guaranty is attached hereto as **Exhibit C** and is incorporated herein by reference.

17. On or about August 26, 2014, Davis executed a Commercial Guaranty (the "**Davis Guaranty**") (collectively with the Bush Guaranty, the "**Guaranties**").

18. A true and accurate copy of the Davis Guaranty is attached hereto as **Exhibit D** and is incorporated herein by reference.

19. By the Guaranties, the Guarantors unconditionally guaranteed the full and punctual payment of all obligations of Peachtree to the Bank, inclusive of the obligations under the Note.

20. As of February 19, 2021, the Borrower owed the Bank $499,000.00 in unpaid principal, $5,322.67 in accrued and unpaid interest, and $83.17 in late fees.

21. Clearly, a balance was due under the Note at maturity.

22. The Borrower failed to pay that balance at maturity.

23. As a result, the Bank sent a letter to the Defendants on February 22, 2021 (the "**Demand Letter**"), by which the Bank demanded immediate payment of the full balance due under the Note.

24. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit E** and is incorporated herein by reference.

25. To date, the Defendants have failed to pay the balance due.

**COUNT ONE:  BREACH OF PROMISSORY NOTE**

26. The Bank incorporates the allegations of the preceding paragraphs as if fully set forth herein.

27. As a result of its failure to pay at maturity and failure to pay on demand, the Borrower is in breach of its obligations under the Note.

28. Moreover, by the Guarantors' failure to pay on demand, the Guarantors are in breach of their obligations under the Note.

29. As a result of the aforementioned breaches, the Bank has suffered a loss of $504,405.84, consisting of $499,000.00 in unpaid principal, $5,322.67 in accrued and unpaid interest, and $83.17 in late fees, all through February 19, 2021.

30. Additionally, the Bank is entitled to recover interest at the Prime Rate, as published by the Wall Street Journal, plus 0.75% per annum (with a floor of 4%), until paid.

31. Finally, the Bank is entitled to recover its reasonable attorneys' fees and expenses incurred herein pursuant to the terms of the Note and O.C.G.A. § 13-1-11.

WHEREFORE, Truist Bank respectfully requests the entry of an Order granting it a money judgment against Peachtree Investment Solutions, LLC, John Stephen Bush, and Dwayne P. Davis in the amount of $504,405.84, together with interest on the principal balance of $499,000.00 at the Prime Rate plus 0.75% per annum (with a floor of 4%), from February 20, 2021, until paid, costs, and its reasonable attorneys' fees and expenses incurred herein.

Respectfully submitted this 8th day of March, 2021.

      /s/ Travis A. Knobbe
Travis A. Knobbe
Georgia Bar No. 763132

Counsel for Plaintiff
TRUIST BANK, formerly known as
BRANCH BANKING AND TRUST
COMPANY

OF COUNSEL:
SPILMAN THOMAS & BATTLE, PLLC
One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh PA 15219
(412) 325-3311
Email:  tknobbe@spilmanlaw.com