# Exhibit "E"



Travis A. Knobbe
(412) 325-3311 (o)
tknobbe@spilmanlaw.com

February 22, 2021

*Via Certified Mail (Return Receipt Requested)*
*and via U.S. Mail*

Peachtree Investment Solutions, LLC        Dwayne P. Davis
Attn: Dwayne P. Davis or John Steven Bush    3197 Chatham Rd, NW
34 Old Ivy Rd., NE, Suite 200              Atlanta, GA 30305-1101
Atlanta, GA 30342-4560

John Stephen Bush
3906 Club Dr, NE
Atlanta, GA 30319-1112

      RE:    **DEMAND LETTER**
           Account Number:      00001

Dear Borrowers and Guarantors:

My firm represents Truist Bank, formerly known as Branch Banking and Trust Company (the "Bank") in connection with the herein referenced Note.

Peachtree Investment Solutions, LLC (the "Borrower") executed a Promissory Note dated August 26, 2014, payable to the Bank in the original principal amount of $500,000.00, as subsequently modified (the "Note"). To secure repayment of the Note, the Borrower executed a Security Agreement dated August 26, 2014, by which the Borrower granted the Bank a lien against all accounts and general intangibles (the "Collateral"). To further secure repayment of the Note, each of Dwayne P. Davis and John Stephen Bush (the "Guarantors") executed Guaranty Agreements on August 26, 2014, August 9, 2017, and September 10, 2019 (the "Guaranties")

The Borrower and Guarantors have defaulted in their obligations under the Note and Guaranties by, among other things, failing to pay the balance due on the maturity date of January 15, 2021. As a result of this default, which is a non-exclusive list of the possible events of default thereunder, the Bank is demanding payment of the full balance due under the Note. **As of February 19, 2021 the balance due under the Note was $504,405.84.** Interest continues to accrue at the per diem rate of $55.44. **The Bank hereby demands immediate payment of the balances due.**

      ***Notice is hereby provided, pursuant to O.C.G.A. § 13-1-11, that the Note and Guaranties include provisions allowing the Bank to recover attorneys' fees. If the full***

Peachtree Investment Solutions, LLC, *et. als.*
February 22, 2021
Page 2

**balance due (together with the per diem interest accruing through the date of payoff) is not paid (so that payment is received) on or before March 5, 2021, the Bank will seek to recover the attorneys' fees and expenses it incurs to collect the indebtedness evidenced by the Note and Guaranties. If payment is received on or before March 5, 2021, however, the Bank will not seek to recover its fees so incurred.**

Further, **if payment is not received by the Bank by the close of business on March 5, 2021,** then the Bank may exercise its rights and remedies under the Note, the Guaranty, and the Security Agreement. Rights and remedies available to the Bank by law and under the terms of the documents executed in connection with the Note include, but are not limited to, obtaining judgment against the Borrower and Guarantors and/or liquidation of any or all items of Collateral.

Additionally, pursuant to the Security Agreement, the Bank also requests that the Borrower provide a full accounting of all accounts receivable owed to the Borrower, including (a) the name of the obligor; (b) the last know address and contact person for the obligor; (c) the telephone number and/or e-mail address of the obligor; and (d) the amount owed by each obligor. The Bank requires the Borrower to provide this information on or before March 5, 2021.

In no event shall this letter be construed as evidence of forbearance of any kind on the part of the Bank. The specification herein of certain rights, remedies or actions the Bank may take in seeking to collect the indebtedness is without limitation of any other right, remedy or action the Bank may elect to take or pursue. Nothing contained in this letter shall act to release or waive any right or remedy of the Bank or any default or failure to perform on the part of the Borrower or Guarantors in regard to the Note or other loan documents or any of the Borrower's or Guarantors' obligations in regard to the same.

Any negotiations or discussions with the Bank or any representative of the Bank regarding the Note and the collateral securing the Note shall not be binding upon the Bank unless and until there is an agreement in writing executed by the Bank and the appropriate counter party.

Very truly yours,

Travis A. Knobbe

cc:    Truist Bank, by electronic mail

Spilman Thomas & Battle, PLLC
One Oxford Centre | Suite 3440 | 301 Grant Street | Pittsburgh, Pennsylvania 15219 | **P** 412.325.3301 | **F** 412.325.3324
West Virginia | North Carolina | Pennsylvania | Virginia | spilmanlaw.com